UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD GLASS,

                                       Petitioner,

     - v -                                                                Civ. No. 9:18-CV-517
                                                                          (GLS/DJS)

SUPERINTENDENT, Eastern Correctional Facility,

                                       Respondent.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

DONALD GLASS
Petitioner, *Pro Se*
15-A-0494
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12458

HON. LETITIA JAMES                        JAMES FOSTER GIBBONS, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Respondent
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER[1]

    *Pro se* Petitioner Donald Glass was convicted after trial of rape in the first degree and criminal sexual act in the first degree. Dkt. No. 1, Pet., p. 1. He was sentenced to a

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1

determinate term of twenty years in prison as to each count, with a period of post-release supervision. SR. at pp. 554-555.[2] Petitioner presently seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pet. He filed several additional documents in support of the Petition. Dkt. Nos. 3 & 4. Respondent opposes the Petition. Dkt. No. 11-1, Resp.'s Mem. of Law. Petitioner has also filed various letters in support of his Petition. Dkt. Nos. 15-16, 20-21, & 23-29. For the reasons that follow, this Court recommends that the Petition be **denied**.

## I. BACKGROUND

Petitioner was named in a three-count indictment charging him with rape in the first degree and two counts of criminal sexual act in the first degree. SR. at pp. 71-73. Petitioner proceeded to trial in Albany County Court. *See generally* Tr. As relevant to this Petition, the prosecution's evidence included testimony regarding DNA evidence obtained following a medical examination of the victim. Tr. at p. 198. That evidence showed the presence of the victim's DNA, as well as that of a man. SR. at p. 327. Testing of the DNA sample found some evidence of DNA consistent with Petitioner's DNA. SR. at pp. 329-330. Though consistent with Petitioner, the evidence was clear that the DNA evidence could not exclude Petitioner nor did it definitely implicate him. *See, e.g.*, SR. at pp. 330-332. The Jury convicted Petitioner on all counts. SR. at pp. 355-356.

Petitioner appealed his conviction to the Appellate Division, Third Department. SR. at pp. 1-65. That court modified Petitioner's sentence, but otherwise affirmed.

---

[2] The state court record is contained in three volumes. Dkt. Nos. 12-14. With respect to Dkt. Nos. 12 & 13, citations are by reference to the form "SR." followed by a page number assigned by the Court's CM/ECF system. Dkt. No. 14 is the trial transcript and reference to it is in the form "Tr." followed by the transcript page number.

*People v. Glass*, 150 A.D.3d 1408 (3d Dep't 2017). Petitioner sought leave to appeal to the New York Court of Appeals, SR. at pp. 452-458, which was denied. *People v. Glass*, 30 N.Y.3d 1115 (2018). This petition followed.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S.

3

362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)). The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

4

# III. DISCUSSION

Petitioner raises several grounds for relief: 1) the verdict was against the weight of the evidence; 2) prosecutorial misconduct and ineffective assistance of counsel related to the prosecutor's summation; and 3) that his sentence was excessive. Pet. at pp. 6-11; *see also* Dkt. No. 2 at p. 2. Respondent seeks dismissal of the Petition on the ground that some of Petitioner's claims have been procedurally defaulted, some are not cognizable in a habeas proceeding, and on the merits. Resp.'s Mem. of Law at pp. 7-17. For the reasons that follow, the Court recommends that the Petition be dismissed.

## A. Certain Claims Are Not Cognizable

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[Q]uestion[s] of state law . . . [are] not subject to federal habeas review." *Freeman v. Kadien*, 684 F.3d 30, 35 (2d Cir. 2012). "Simply put, 'federal habeas corpus relief does not lie for errors of state law.'" *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (quoting *Estelle v. McGuire*, 502 U.S. at 67).

Petitioner claims that the verdict was against the weight of the evidence because the evidence "conflicted with the victim[']s description of the assailant." Pet. at p. 9. It is clear that "a 'weight of the evidence' argument is a pure state law claim grounded in the criminal procedure statute. . . . Since a 'weight of the evidence claim' is purely a matter of state law, it is not cognizable on habeas review." *Mobley v. Kirkpatrick*, 778 F. Supp. 2d 291, 311-12 (W.D.N.Y. Apr. 20, 2011) (citing, *inter alia*, N.Y. Crim. Proc. Law § 470.15(5); 28 U.S.C. § 2254(a); *People v. Bleakley*, 69 N.Y.2d 490, 495 (N.Y.

5

1987); *Ex parte Craig*, 282 F. 138, 148 (2d Cir. 1922)); *see also Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 360 (N.D.N.Y. 2013) ("It is well-settled that claims attacking a verdict as against the weight of the evidence are not cognizable in a federal habeas proceeding.").

Plaintiff's claim that his sentence was excessive is also not cognizable in this proceeding. It is well settled that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, Petitioner was sentenced to a twenty year determinate term on each charge. SR at pp. 554-555. On appeal, Petitioner's aggregate term of imprisonment was reduced "by operation of law" to fifty years in prison. *People v. Glass*, 150 A.D.3d at 1409 n. 1. As modified, the Appellate Division concluded "we do not view the aggregate sentence imposed to be harsh or excessive." *Id.* at 1411. Petitioner does not claim that the sentence is inconsistent with state law, only that it exceeds what is fair. Pet. at p. 11. Petitioner's claim that his sentence is harsh and excessive is not cognizable under federal habeas review. *See White v. Keane*, 969 F.2d at 1383; *Garrido-Valdez v. Poole*, 384 F. Supp. 2d 591, 599 (W.D.N.Y. 2005).

**B. Claims Regarding the Prosecutor's Summation**

Petitioner claims that the prosecuting attorney engaged in misconduct during her summation with respect to representations made about the DNA evidence and that his trial counsel was ineffective in failing to object to those statements. Pet. at p. 6. During trial, the parties disputed the strength of the DNA evidence presented. Petitioner's counsel argued strenuously that reasonable doubt existed because the DNA evidence

6

had not produced a definitive match to his client. Tr. at pp. 645-649. He endeavored to focus the juror's attention on what he viewed as the indeterminate nature of the evidence by highlighting that the evidence established only that Petitioner - "Cannot be excluded. Cannot be included or excluded." Tr. at p. 646. The prosecuting attorney responded to this argument. Though the Petition does not specifically reference the portions of that response to which Petitioner now objects, on direct appeal he noted specifically that the prosecutor made several comments that the DNA was either Petitioner's or his "identical twin." Tr. at p. 669.

*1. Prosecutorial Misconduct*

Insofar as Petitioner argues that the comment amounted to prosecutorial misconduct, this claim is not a basis for habeas relief for several reasons.

First, defense counsel did not object to this portion of the prosecutor's argument, *see* Tr. at p. 669, and so the Appellate Division found the claim "unpreserved." *People v. Glass*, 150 A.D.3d at 1411. "Under the independent and adequate state ground doctrine, federal courts 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Pierotti v. Walsh*, 834 F.3d 171, 176 (2d Cir. 2016) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "New York's contemporaneous objection rule, New York Criminal Procedure Law ("CPL") § 470.05(2), . . . has long been considered an 'adequate and independent ground' that bars federal habeas review." *Santos v. Eckert*, 2019 WL 6895249, at *3 (N.D.N.Y. Dec. 18, 2019) (citing *Whitley v. Ercole*, 642 F.3d 278, 292 (2d Cir. 2011)).

7

The failure to object, therefore, bars review in this Court. *Id.*; *Evans v. Colvin*, 2018 WL 3069211, at *5 (N.D.N.Y. June 21, 2018).

Nor, in any event, do the facts in the record support a claim for prosecutorial misconduct. "The habeas court's scope of review as to claims of prosecutorial misconduct is quite limited." *Ogletree v. Graham*, 559 F. Supp. 2d 250, 259 (N.D.N.Y. 2008). "To prevail on a prosecutorial misconduct claim, a habeas petitioner must demonstrate that the prosecutor engaged in 'egregious misconduct.'" *Williams v. Duncan*, 2007 WL 2177075, at *26 (N.D.N.Y. July 27, 2007) (quoting *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir. 1990)). It "is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Instead, the question on habeas review is whether the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "In considering a claim of prosecutorial misconduct, the alleged misconduct must be placed into context and evaluated based upon its severity, the curative measures taken, and the likelihood of conviction absent its occurrence." *Skervin v. Graham*, 2008 WL 5100297, at *5 (N.D.N.Y. Nov. 26, 2008) (citing *Blissett v. Lefevre*, 924 F.2d 434, 440 (2d Cir. 1991)).

The prosecutor's comments came in specific response to defense counsel's statements regarding the DNA evidence presented. The Appellate Division concluded that the prosecutor's comments "did overstate" the evidence. *People v. Glass*, 150 A.D.3d at 1411. In the habeas context, however, "[s]tatements made by prosecutors in

8

their summation, even if seemingly improper, do not necessarily exceed the broad range of rhetorical comments allowed in closing arguments." *Jones v. Keane*, 250 F. Supp. 2d 217, 237 (W.D.N.Y. 2002) (internal quotations and citations omitted). That is particularly true where, as here, "[t]he record . . . demonstrates that the prosecutor's comment responded to defense counsel's summation, which is proper under New York law." *Jones v. Annucci*, 124 F. Supp. 3d 103, 126 (N.D.N.Y. 2015) (citing cases). "In any event, [Petitioner] cannot show that the comment 'so infected the trial with unfairness as to make the resulting conviction a denial of due process' as to be cognizable on federal habeas review." *Id.* (quoting *Parker v. Matthews*, 567 U.S. 37, 45 (2012)). Even accepting that the prosecutor overstated the strength of the DNA evidence in attempting to respond to defense counsel's efforts to lessen the impact of that evidence, she also specifically told the jury: "We have a partial profile. That's what it is. A partial profile. It is not a match, but it is pretty darn probative because where there is a partial profile all of them are consistent with Donald Glass." Tr. at p. 667. The prosecutor's "twin" hyperbole aside, she clearly told the jury that the DNA evidence represented only a "partial profile" and was "not a match." *Id.* In that regard then, it can hardly be stated that the other comments were so prejudicial as to amount to a violation of basic fairness so as to have "infected the trial." *Jones v. Annucci*, 124 F. Supp. 3d at 126.

## 2. Ineffective Assistance of Counsel

The Petition also argues that counsel's failure to object to the prosector's comments constituted ineffective assistance of counsel. Pet. at p. 6. This claim is also no basis for relief.

"To establish ineffective assistance of counsel 'a defendant must show both deficient performance by counsel and prejudice.'" *Premo v. Moore*, 562 U.S. 115, 121 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland v. Washington*, 466 U.S. at 689). A person challenging a conviction thus must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 687. Establishing prejudice requires Petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694.

The *Strickland* test imposes a "high bar." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Under the AEDPA, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly." *Bell v. Cone*, 535 U.S. 685, 699 (2002) (citing *Williams v. Taylor*, 529

U.S. at 411). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* On this record, Petitioner cannot make this showing.

The Appellate Division considered Petitioner's ineffective assistance claim and rejected it. The Appellate Division found the prosecutor's summation "largely appropriate in dealing with the import of the DNA evidence," while recognizing that it "did overstate" to some degree the strength of that evidence. *People v. Glass*, 150 A.D.3d at 1411. The state court emphasized the context in which the comments at issue were made, specifically that they were made in response to defense counsel's arguments regarding the failure to compare the DNA evidence to other potential suspects. *Id.* Given that context, the court concluded that the comments were not of such an egregious nature as to have violated Petitioner's rights. *Id.*

The state court rejection of Petitioner's ineffective assistance claim is entitled to "significant deference under AEDPA." *Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015). Under AEDPA following adjudication of a claim on the merits in state court a district court may grant habeas relief only if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "A prosecutor has broad latitude during summation, particularly when responding to defense counsel's summation." *Walker v. Cunningham*, 2008 WL 4737664, at *5 (E.D.N.Y. Oct. 28, 2008). As discussed above, the prosecutor's comments themselves do not run afoul of due process and so Petitioner

11

cannot establish prejudice from the failure of his trial counsel to object to them. Doing so requires that Petitioner "demonstrate that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict." *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994). Viewed in context of his own counsel's attack on the DNA evidence and the prosecutor's specific statements to the jury acknowledging that the DNA was not a match, Petitioner cannot carry that burden here.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[3] and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report. Such obligations shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 30, 2021
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).